# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MERIDIAN CHEMICALS, LLC ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-00002-SDD-EWD** |
| **TORQUE LOGISTICS, LLC ET AL.** | |

## NOTICE AND ORDER

This is a civil action involving claims for damages incurred by Meridian Chemicals, LLC ("Meridian") as a result of the alleged spill, release or discharge of black liquor soap by Torque Logistics, LLC ("Torque") onto property owned by Beaulieu Plantation, Inc. on or about March 6, 2017.[1] On or about November 27, 2017, Meridian and Aspen Specialty Insurance Company ("Aspen") (collectively, "Plaintiffs") filed a Petition for Damages against Torque and Kinsale Insurance Company ("Kinsale") (collectively, "Defendants") in the Eighteenth Judicial District Court for the Parish of West Baton Rouge, State of Louisiana.[2] Torque removed the matter to this Court on January 3, 2018, on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a).[3] The Notice of Removal contains the following allegations regarding the citizenship of the parties:

> I.
> Torque Logistics, LLC is a limited liability corporation incorporated under the laws of the State of Texas, domiciled in the State of Texas, and which maintains its principal place of business at 33300 Egypt Lane, Suite J300, Magnolia, Texas 77354.
> II.
> Sean W. Thomason is the sole member of, and owns 100% of, Torque Logistics, LLC.

---

[1] *See*, R. Doc. 1-3.
[2] *Id*. The Petition alleges that Aspen is Meridian's insurer and that Kinsale is Torque's insurer. *Id*. at ¶¶ 30 and 63.
[3] R. Doc. 1 at ¶ XIII.

III.

Sean W. Thomason is domiciled in and a resident of the state of Texas.

. . . .

VI.

Defendant Kinsale Insurance Company is an Arkansas corporation with its principal place of business in Richmond, Virginia.

VII.

Plaintiff Aspen Specialty Insurance Co. is a North Dakota corporation with its principal place of business in Rocky Hill, Connecticut.

VIII.

The Petition for Damages alleges that Plaintiff Meridian Chemicals, LLC ("Meridian") is a limited liability corporation organized under the laws of the state of Delaware.

IX.

Upon information and belief, Meridian Chemicals, LLC is owned by Silverhawk Capital Partners, LLC.

X.

Silverhawk Capital Partners, LLC is a Delaware limited liability company with principal place of business in Greenwich, Connecticut.

XI.

Upon information and belief, the members of Silverhawk Capital Partners, LLC are:

a) Brent Alan Hudson, who is domiciled in and a resident of the state of Kansas;

b) David James Scanlan, who is domiciled in and a resident of the state of Connecticut;

c) James Crawford Cook, who is domiciled in and a resident of the state of Connecticut;

d) Mark Charles Demetree, who is domiciled in and a resident of the state of Kansas; and

e) Ted Allan Gardner, who is domiciled in and a resident of the state of North Carolina.

XI. [sic]

As set forth above, the Plaintiffs herein are residents of North Dakota, Connecticut, Kansas, and North Carolina, and the Defendants herein are residents of Arkansas, Virginia, and Texas. Therefore, there is complete diversity of citizenship between the Plaintiffs and the Defendants.

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Citizenship has not been adequately alleged in the Notice of Removal. While the citizenship of Torque, Kinsale and Aspen has been properly alleged,[4] the citizenship of Meridian has not been adequately alleged. The Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Although the Notice of Removal alleges the citizenship of the owner of Meridian, the Fifth Circuit has specifically held that, "All federal appellate courts that have addressed the issue have

---

[4] With respect to Torque, the Fifth Circuit has held that for purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of the limited liability company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). With respect to Kinsale and Aspen, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).

reached the same conclusion: like limited partnerships and other unincorporated associations or entities, the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey*, 542 F.3d at 1080. Thus, to properly allege the citizenship of Meridian, Torque must identify the members (rather than the owners) of Meridian and must specifically allege the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The requirements for proper citizenship allegations will depend on what type of person or entity the member is, *i.e.,* an individual, corporation or unincorporated association.

Accordingly,

**IT IS HEREBY ORDERED** that Torque shall have seven (7) days from the date of this Notice and Order to file a comprehensive amended Notice of Removal (*i.e*., it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over this case under 28 U.S.C. § 1332(a).

Signed in Baton Rouge, Louisiana, on January 11, 2018.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**